UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIZIR CETIN, | No. 1:26-cv-02098-DJC-SCR |
| Petitioner, | |
| v. | ORDER |
| WARDEN, et al., | A# 095-684-174 |
| Respondent. | |

Petitioner Hizir Cetin is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and Motion for Temporary Restraining Order (Mot. (ECF No. 3)). The Court previously informed the parties that it intended to rule directly on the merits of the Petition. (ECF No. 6.) Neither party has objected to the Court ruling on the merits.

**BACKGROUND**

Petitioner is a citizen of Turkey presently in the custody of Immigration and Customs Enforcement ("ICE"). (Pet. ¶ 5; Opp'n (ECF No. 8) at 1.) It is undisputed that Petitioner is subject to a final order of removal which was issued on May 5, 2014. (Pet. ¶ 13; Opp'n at 2.) Petitioner was granted withholding of removal to Turkey at the same time. (Pet. ¶ 13; Opp'n at 2.) Due to the grant of withholding, Petitioner was

placed on an order of supervision.  (Opp'n at 2.)  On December 22, 2025, Petitioner was re-detained by ICE during a scheduled interview.  (Pet. ¶ 15; Opp'n at 2.)

**DISCUSSION**

Petitioner has established that his re-detention violates 8 C.F.R. § 241.13(i)(2) and is unconstitutional as it amounts to indefinite detention.  It is undisputed that Petitioner is subject to a final removal order.  As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen.  *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231.  However, Petitioner was previously released from custody.

Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).  Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred.  *See Hoac*, 2025 WL 1993771, at *3.  "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed."  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025).  Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to

> remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, there is absolutely no indication of a change in circumstances justifying re-detention.  Respondents concede that Petitioner has withholding of removal to Turkey.  Instead, they argue that Petitioner was detained "pending third-country removal." (Opp'n at 2.)  But Respondents only state that they have "began the process of requesting approval for third country removal, which is still in process." (*Id.*; *see* ECF No. 8 at 8.)  They do not identify a third-country or provide any additional details that show that there is a reasonable likelihood that the efforts to effectuate Petitioner's removal to a third country will be successful.  Respondents do note, without providing any additional information that "Petitioner refused to participate in a travel interview" after his re-detention.  (Opp'n at 2; *see* ECF No. 8 at 8.)  With the benefit of additional information this might suggest that one factor of section 241.13(f) weights in favor of a change in circumstances (though this event occurred after Plaintiff was re-detained), but it does not establish that any of the other factors weigh in favor of change in circumstances.

Given the above, Respondents have failed establish that the factors under 8 C.F.R. § 241.13(f) weigh in favor of a finding that there has been a change in circumstances.  Respondents have thus failed to carry their burden.[1]  Accordingly, Petitioner has established that his present detention violates 8 C.F.R. § 241.13 and is thus unlawful.

---

[1] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future.  But it is Respondents' burden to establish a change in circumstances, and they are clearly unable to meet that burden at this time.

3

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1 of the Petition.[2]

2.  Respondents are ordered to immediately release Petitioner Hizir Cetin from their custody.  Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3.  Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner a change in circumstances to warrant Petitioner's re-detention.

4.  The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 24, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

4